REINHARDT, Circuit Judge, dissenting:
I would hold that the prosecutor’s, blatant misstatement of the law during his closing argument was not cured and that it prejudiced Mai’s substantial rights. In concluding otherwise, the majority significantly understates the prosecutor’s errors.
Mai conténded in her closing argument that after suspension she had only (1) sold pork processed before suspension and (2) acted as a middleman, buying and selling raw pork without processing it. Both activities were legal even after suspension. The prosecutor told the jury that they were not: “Even if what [Mai’s counsel] argued to you is true, that does not equal a not guilty story.” The prosecutor ex-, plained that regardless of when the meat was processed, “if it was sold after suspension, that’s a violation. You’re not allowed to do anything once you’re suspended.” Likewise the prosecutor told the jury that purchasing meat after a suspension was in' all events illegal. After pulling up an invoice showing Mai bought raw pork after suspension, the prosecutor stated “you have Linda Mai’s delivery from Jim’s Wholesale Meats on July 12th, 2010. That is a violation right there.”
Both statements were “erroneous” or “false” and both were highly significant, striking at the heart of Mai’s defense. We recently found a prosecutor’s misstatements of the law during closing arguments were prejudicial because they undercut “the heart of [the] defénse” and were phrased in a way that “created a significant likelihood that the comments would be ‘viewed [like jury instructions] as definitive and binding statements of the law.’” Deck v. Jenkins, 768 F.3d 1015, 1025, 1026 *419 (9th Cir.2014) (quotmg Boyde v. California, 494 U.S. 370, 384, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)). The same is true here. In these circumstances, if the error is not cured it will be prejudicial because “[jjurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to lawwhether, for example, ... the action in question fails to come within the statutory definition of the crime.” Griffin v. United States, 502 U.S. 46, 59, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).
In this case, the errors were only partially corrected, at best. The judge’s note may have clarified the jury’s evident confusion about whether Mai could sell meat after the suspension that she had processed before it. The note did not, however, even indirectly address the legality of Mai’s acting as a middleman, let alone speak to “the specific statement[] of the prosecutor” that buying meat after the suspension was illegal. United States v. Weatherspoon, 410 F.3d 1142, 1151 (9th Cir.2005) (quoting United States v. Kerr, 981 F.2d 1050, 1054 (9th Cir.1992)) (finding plain error because general curative instructions were insufficient). Buying meat after the suspension was not illegal. Cooking it, shredding it, and then selling it in processed form with the USDA label affixed was. The evidence that Mai did the latter was circumstantial, except for Mai’s “confession.” The circumstantial evidence may have been somewhat convincing, but it was far from overwhelming, especially as it was not Mai’s burden to prove that she had not illegally sold the meat she purchased, but rather the government’s burden to prove that she had. Further, given Mai’s limited English skills and the fact that her interpreter was a
USDA agent, her explanation that she misunderstood the “confession,” is certainly plausible, particularly because she corrected the “confession” almost immediately. In light of this — and the likelihood that the jury took the prosecutor at his word and convicted Mai simply on the basis of her (uncontested) act of purchasing the meat— I would conclude that Mai has, even under the plain error standard, demonstrated prejudice and is entitled to a reversal. See United States v. Olano, 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
I respectfully dissent.